BLAIN (BULLENE v.). See Case No. 2,124.

BLAINE (SCOTT v.). See Case No. 12,525.

## Case No. 1,481.
### In re BLAIR et al.
[17 N. B. R. 492; [2] 10 Chi. Leg. News, 278; 25 Pittsb. Leg. J. 123.]
District Court, W. D. Pennsylvania. April 24, 1878.

BANKRUPTCY — CREDITORS' PETITION — QUORUM—OMISSIONS—AMENDMENT.

1. Where the petitioning creditors who hold debts exceeding two hundred and fifty dollars do not represent one-third of all the provable debts, every two hundred and fifty dollar creditor sinks into a common unit in the mass of creditors, and counts but one with the rest.

2. Where the name of a creditor is stated in the petition, asserting a claim by a proper averment, but omitting the amount, the claim may be amended by adding the amount, if done in good faith.

[In bankruptcy. In the matter of Brice X. Blair and Thomas Appleby, trading as Blair & Appleby. On petition of Detwiler & Co. and others. Heard on exceptions to the register's report. Sustained in part.]

On exceptions to the register's report. A creditor's petition in bankruptcy was signed by one creditor whose claim exceeded two hundred and fifty dollars, and eleven whose respective claims were less than that amount, the aggregate being one thousand six hundred and six dollars and ninety-five cents. The debtors' list showed four creditors over two hundred and fifty dollars, and fifty-six under that amount, and the total indebtedness four thousand six hundred and seventy-one dollars and three cents; but the debt of the two hundred and fifty dollar creditor was not one-third of all the provable indebtedness. The register held that a legal quorum had signed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 17 N. B. R. 492, by permission.]

By SAM'L HARPER, Register:

[2] [The creditors' petition, the debtors' statement of debts, and their denial, have been referred to me for examination and report as to whether the requisite quorum of creditors have joined in the petition. Mr. Purviance, for the creditors, and Mr. Jennings, for the debtors, appeared before me and elaborately discussed the questions involved. There is no dispute as to the facts and the petition on the one side, and the statement of debts on the other, are to be taken as true for the purposes of this contest.

[Before entering into a discussion of the questions involved, I propose to determine as accurately as possible the correct interpretation of the statute upon the subject. Section 5021 of the Revised Statutes provides that any person committing the acts of bankruptcy specified, "shall be adjudged bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." Towards the end of the section a rule is given for determining that quorum. As it stands it is clear, simple, and easily applied; but the rule I refer to, whilst being, in my judgment, equally clear. simple, and as easily applied, has given rise to a very great deal of discussion which has tended to cast considerable obscurity around it. The rule in part is as follows: "And in computing the number of creditors as aforesaid, who shall join in such petition, creditors whose respective debts do not exceed two hundred and fifty dollars shall not be reckoned." Attempts have been made to make this rule say something very different from what a plain reading of it contemplates. One-fourth in number and one-third in value must join in the petition; but the rule says, in computing the number the smaller creditors in amount shall not be reckoned. Now this applies only to number, and not to amount, and yet it is contended that if the petitioners rely upon one-fourth of the larger creditors in amount, they must represent one-third of the entire amount provable. It must be remembered that all creditors whose debts are provable, have a right to become petitioning creditors, and when a petition is presented embracing both large and small creditors, the simple question is, do they constitute one-fourth in number, and one-third in amount? First, as to number: In computing number, we exclude creditors whose claims do not exceed $250 each, and if we find among the petitioners one-fourth in number of those whose respective claims are over $250, the requirement of the statute as to number is most certainly fulfilled, and if we find among the petitioners those to whom one-

third of the total amount of provable debts is due, the requirement of the statute as to the amount is also most certainly fulfilled.

[The remaining part of the rule is as follows: "But if there be no creditors whose debts exceed said sum of two hundred and fifty dollars, or if the requisite number of creditors holding debts exceeding two hundred and fifty dollars fail to sign the petition, the creditors having debts of a less amount shall be reckoned for the purpose aforesaid." This provision is also very plain and simple. If there are no creditors holding claims over $250, the petition must be signed by one-fourth in number of all the creditors holding provable debts, and if the requisite number holding debts exceeding $250 fail to sign, the same rule operates. Under either branch of the rule the question as to the amount is in no wise affected—it is simply number.

[My conclusion on this point is this: That if there be found in a petition one-fourth in number of the creditors having debts exceeding $250, the petition as to number is sufficient, and there is no authority in the statute to inquire as to the aggregate of their claims; but the amount of the petitioning creditors' claims must be ascertained by taking the aggregate of all the petitioners' claims. Creditors both large and small have a clear right to sign, and under the first branch of the rule, creditors, whose claims do not exceed $250, are excluded from both petition and statement of debts in computing number, but in computing amount they are not excluded from either, and if included in one, they must be included in both, and that they are to be reckoned in both for amount, I have no doubt.

[Your honor, in Re Lloyd [Case No. 8,429], following numerous cases there referred to, held that the petitioners must represent in any case one-third in amount of the aggregate provable debts of the debtor. But you have not, to my knowledge, been yet called upon to decide whether or not in a case where the petitioners rely upon constituting one-fourth in number of the creditors whose claims exceed two hundred and fifty dollars, they must of themselves represent one-third in value of the provable debts, or whether or not they can join creditors whose claims do not exceed that amount, to make up the one-third in value.

[In order to introduce the important question in the matter in hand, I quote from the petition: "That your said petitioners, together with the other creditors of the said Brice X. Blair and Thomas Appleby, trading as Blair & Appleby, whose names are hereunto subscribed, or who not having signed this petition, herewith file petitions supplemental hereunto, constitute, as your petitioners verily believe, a number equal to, or greater than, one-fourth of the whole number of creditors of the said Brice X. Blair and Thomas A. Appleby, trading as Brice &

[2] [From 25 Pittsb. Leg. J. 123.]

Appleby, whose respective claims exceed the amount of two hundred and fifty dollars, and their claims constitute an amount equal to, or greater than, one-third part of the whole amount of the indebtedness of the said Brice X. Blair and Thomas A. Appleby, trading as Blair and Appleby, provable under the said acts of congress relating to bankruptcy."

[Upon this form of allegation the point is made that, inasmuch as several of the petitioning creditors have claims less than $250, the statement is not sustained that the petitioners constitute one-fourth in number of the creditors whose claims exceed $250. I am referred to In re McKibben [Case No. 8,859], in which Judge Brown, of the eastern district of Michigan, held that such an allegation was defective, and could only be cured by amendment. To the same effect is Roche v. Fox [Id. 11,974], decided by Judge Dyer, of the western district of Wisconsin. I have very carefully examined these two cases, and find myself unable to agree with their reasoning. The allegation in the first case was that "your petitioners constitute one-fourth at least in number, upon the basis of two hundred and fifty dollars and upwards," &c., and the court said that to make the petition stand as that of the five whose debts exceed $250, it "would have to be interpreted as though it read 'that such of petitioners as hold claims to the amount of $250 constitute one-fourth at least in number'—an allegation to which it is safe to say none of the seven petitioners supposed he was making oath." To my mind it seems entirely safe to say that that was the exact idea each of the petitioners had in view when making his oath. It was either that, or each of them must be regarded as alleging that his claim exceeded $250, and it is safe to say that not one of the petitioners whose claims were under $250 supposed he was making oath that his claim exceeded that amount.

[In the second case the court say: "The allegations in petition are entirely sufficient on this point, and show that creditors signing the petition constitute one-fourth at least in number of all the creditors whose claims exceed two hundred and fifty dollars, and the aggregate of the debts due the petitioners to at least one-third of all the debts provable. But when the names of creditors, and the amount of the claim of each, are set out, it appears that eight of fourteen creditors have each claims amounting to less than two hundred and fifty dollars. These cannot be reckoned on making up the one-fourth in number required by the statute. Nor do I think the court can presume that the remaining six creditors whose claims exceed two hundred and fifty dollars constitute the requisite one-fourth of all. Such is not the allegation in the petition, and the necessary inference is that the eight creditors whose debts do not exceed two hundred and fifty

dollars must be counted to make up the one-fourth."

[The question is, do the creditors petitioning constitute one-fourth in number and one-third in value of the provable debts? That is all that the statute requires. That question is to be determined by the statutory method after the petition is filed. It is sufficient at the time the petition is filed that it alleges that the petitioners constitute one-fourth in number and one-third in amount, and I am unable to see how it can make any difference to add "on the basis of debts exceeding two hundred and fifty dollars," if in point of fact, one-fourth in number exceeding two hundred and fifty dollars, and one-third in amount have joined in the petition. The time for the court to determine the question as to the quorum is after the debtor has in writing denied the allegation as to number and amount; and after he has filed a full list of his creditors, the court shall "ascertain, upon reasonable notice to the creditors, whether one-fourth in number, and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt." Section 5021, Rev. St. When the court so ascertains, the number will be computed according to the rule already quoted. At that time both the petition and the list of creditors will be before the court, containing the facts, and there will be no occasion for either the presumption or inference mentioned by Judge Dyer. If it should then be found that one-fourth in number of all the creditors in the list whose claims exceed $250, and one-third of the whole amount have joined in the petition, I am unable to see why the court should not so adjudge. It is a fact—the very fact required by the statute, and the very fact alleged in the petitions in the two cases referred to, that the petitioners constitute one-fourth in number of the creditors whose claims exceed two hundred and fifty dollars.

[I will now apply this reasoning to the matter in hand. Twelve creditors have joined in the petition, eleven of whom have claims under two hundred and fifty dollars, and whose aggregate is $1,029.89. The amount due to the twelfth creditor is omitted in the petition, the space it should occupy being left blank. The debtor in his lists states it at $577.06. An omission of this character is clearly amendable, and when so amended, the petition will stand as that of one creditor whose claims do not exceed two hundred and fifty dollars, and the aggregate of whose claims is $1,606.95. The debtors' list contains four creditors whose claims exceed two hundred and fifty dollars, and shows his aggregate provable debts to be $4,671.03, making necessary the petition of one creditor whose debt exceeds two hundred and fifty dollars, and $1,557.01 of the provable debts. But if it appears to the court, that the amount claimed by Messrs. Detwiler &

Co. cannot be inserted by amendment, then the petition must stand as that of eleven creditors, whose claims do not exceed two hundred and fifty dollars, and whose aggregate is $1,029.89. As the debtors' list contains sixty creditors in all, it is necessary that fifteen creditors should join, representing $1,557.01 as already stated. In that view, the requisite number and amount have not joined in the petition. But as I am clear that the petition can be amended by inserting the amount of Messrs. Detwiler & Co.'s claim, I am equally clear that when the petition is so amended, the necessary number and amount have joined.][3]

W. K. Jennings, for Blair & Appleby, for exceptions.

W. S. Purviance, for petitioning creditors.

KETCHUM, District Judge. Exceptions first and second are sustained. The bankrupt law provides that a debtor upon certain conditions may be adjudicated a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debt provable under the, act shall amount to at least one-third of all the debts so provable. And in computing the number of creditors aforesaid, who shall join in the petition, creditors whose respective debts do not exceed two hundred and fifty dollars shall not be reckoned. If there are no creditors whose debts shall exceed the sum of two hundred and fifty dollars, or if the requisite number have not joined in the petition, then those having debts of less amount shall be reckoned for the purpose aforesaid. In this case there are four creditors whose debts exceed two hundred and fifty dollars, but are not equal to all the debts provable. And there is in the petition one creditor whose debt exceeds two hundred and fifty dollars, but is not equal to one-third of the provable debts.

There are, altogether, large and small, sixty creditors on the list, but only twelve—one two hundred and fifty dollar creditor, and eleven having debts of less amount, have joined in the petition. These twelve creditors represent one-third of the amount of provable debts. It is conceded that, in any case, the aggregate of provable debts held by the petitioner must be equal to one-third of all the debts provable against the debtor. In this case there is but one petitioning creditor whose debt exceeds two hundred and fifty dollars. Of course he is one-fourth of the creditors holding debts exceeding two hundred and fifty dollars, but his debt is not equal to one-third of all the provable debts. Then, according to the act, we may count those having debts less than two hundred and fifty dollars—not solely to get one-third of the amount of the debts provable, but for

the purpose aforesaid. What purpose aforesaid? The only purpose of any counting or computation is to determine if one-fourth in number of creditors holding one-third in amount of the provable debts have joined in the petition. Both in the two hundred and fifty dollar limitation in the clause, "computing the number of creditors aforesaid," and in the provision for counting those having debts of less amount "for the purpose aforesaid," the "aforesaid" relates directly back to the primary requirement of the act, one-fourth in number and one-third in amount, and so far as the primary requirement of the statute is modified by the two hundred and fifty dollar provision, the modification relates directly to numbers, and only incidentally to the aggregate amount of provable debts. But the register assumes that it matters not that one-fourth in number of the two hundred and fifty dollar creditors who have joined in the petition do not hold one-third of the provable debts, and that if one-fourth of the two hundred and fifty dollar creditors have joined in the petition, they are to be taken as the one-fourth of the creditors contemplated by the act in all cases, and that the only purpose of considering creditors having debts of less amount, is to secure the one-third of the aggregate of the provable debts without reference to the number who hold them. As in this case one single two hundred and fifty dollar creditor, who with his whole class, on the basis of two hundred and fifty dollars, amounts to nothing for want of the required amount of debts, is given a power equal, numerically, to one-fourth of any possible number of creditors, if, under this dead-heading construction, small debts enough, together with this one two hundred and fifty dollar creditor's debt, can be found in the petition to make an aggregate of one-third of the provable debts, although the whole number of petitioning creditors who hold the one-third do not equal one-fourth of the creditors. In this case the debts in the petition are not held by one-fourth or by any number of two hundred and fifty dollar creditors. Nor are they held by one-fourth of all the creditors. There are debts enough, but not the statutory number of creditors representing them. Yet we have a quorum reported without one-fourth of the two hundred and fifty dollar creditors holding one-third of the provable debts, or one-fourth of the creditors holding one-third of the provable debts joining in the petition. All the debts, large and small, in the petition, amount to one-third of the provable debt; but all the petitioning creditors, large and small, do not amount to one-fourth of the creditors. The one two hundred and fifty dollar creditor is made equal to one-fourth of all the creditors, though he may not hold one fiftieth part of the provable debts. I cannot discover how this one creditor gets this transcendent power. The only purpose

---

[3] [From 25 Pittsb. Leg. J. 123.]

of the two hundred and fifty dollar limitation is to obviate the necessity for getting a large number of small creditors with their debts on the petition, often troublesome and sometimes impossible, and when that purpose fails by reason of the failure of the two hundred and fifty dollar creditor to represent one-third of the provable debts, the two hundred and fifty dollar provision fails altogether, and every two hundred and fifty dollar creditor sinks into a common unit in the mass of creditors, and counts but one with the rest.

Exception third is overruled. When the name of a creditor is stated in the petition asserting a claim by a proper averment, but omitting the amount, the claim may be amended by adding the amount, if done in good faith. It is a clerical error, which may be amended from the list of creditors or from the deposition or proof of the debt.

It is adjudged that a legal quorum is not made out by the petitioning creditors, and the petition will lie over ten days from the filing hereof, for additions.